# UNITED STATED DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Joan Heydt,

          Plaintiff,

vs.

Charles Baldwin and Brink's Inc.,

          Defendants.

Case No.:

**NOTICE OF REMOVAL**

**(Demand for Jury Trial)**

---

TO: Clerk of the United States District Court for the District of Minnesota.

    Petitioner/Defendant Brink's Inc. respectfully shows and alleges the following in support of its Notice for Removal.

    1.    Brink's is Defendant in an action commenced in Hennepin County District Court entitled Joan Heydt v. Charles Baldwin and Brink's Inc., Court File No. 27-CV-19-9142. A true and correct copy of the Summons and Complaint is attached hereto. In the Complaint, Plaintiff alleges that she was injured in a motor vehicle accident, has in the past and will in the future incur medical expenses for treatment of her injuries, and has in the past and will in the future suffer physical and mental pain. The Complaint alleges that Plaintiff has suffered damages in excess of $50,000. Plaintiff has made a demand to Brink's for $250,000. *See* Declaration of John Crawford. Based on the foregoing, Brink's anticipates that Plaintiff will claim damages in excess of $75,000.

    2.    Plaintiff is and was at the time of the accident a citizen of Hennepin County, State of Minnesota. Brink's is a Delaware corporation with its principal place of business in Texas. Defendant Charles Baldwin is deceased.

    3.    There is "a valid distinction . . . between proceedings against an individual on the one hand and against his estate on the other." *Wood v. Martin*, 328 N.W.2d 723, 725 (Minn.

1983). Here, Plaintiff attempted to sue Charles Baldwin and left the summons and complaint with his wife, Lynn Baldwin. But Charles Baldwin is deceased and "service upon a dead person is a nullity." *Id*. at 724. This is true even if "the decedent's widow [is] apprised of the suit." *Id*. at 725; *Van Slooten v. Estate of Schneider-Janzen*, 623 N.W.2d 269, 271 (Minn. Ct. App. 2001) ("Notice to [the husband] of a claim against his deceased wife's estate is of no legal significance."). Therefore, the citizenship of Charles Baldwin is irrelevant for the purposes of diversity jurisdiction because Baldwin is only a nominal party. *See Slater v. Republic-Vanguard Ins. Co*., 650 F.3d 1132, 1134 (8th Cir. 2011) (recognizing that nominal parties are ignored in determining whether diversity jurisdiction exists).

4.  Nor has Plaintiff properly brought a claim against Baldwin's estate. "The sole method of acquiring personal jurisdiction over a decedent's estate is by a lawsuit against the personal representative." *Leslie v. Kittleson*, No. C6-99-338, 1999 WL 618999, at *2 (Minn. Ct. App. Aug. 17, 1999). Plaintiff has not served the personal representative of Baldwin's estate.

5.  As the Minnesota Supreme Court has stated, "A cause of action does not exist in the abstract; it exists against somebody. In this case, that somebody is [the decedent] while he is living, and, after his death, the duly appointed personal representative of his estate. The difficulty here is that plaintiff sued neither." *Wood*, 328 N.W.2d at 725. Because Plaintiff has sued neither Charles Baldwin, nor his personal representative, Brink's is the only defendant in this case. Brink's is diverse from Plaintiff.

7.  Based upon the foregoing, this Court has original jurisdiction for this matter pursuant to 28 U.S.C. § 1332, and the entire matter is one which may be removed to this Court pursuant to 28 U.S.C. § 1441.

8.      Brink's was served on May 1, 2019 with the Summons and Complaint. Brink's has filed this Notice of Removal within 30 days after service.

9.      Brink's is simultaneously serving this Notice of Removal upon all other parties and filing a copy with the Hennepin County District Court, State of Minnesota, in compliance with 28 U.S.C. § 1446(d).

10.     Pursuant to 28 U.S.C. § 1446, to the best of Brink's knowledge, aside from a copy of all process, pleadings, and orders attached hereto that have been filed with the Hennepin County District Court, no further proceedings have taken place in this action.

**WHEREFORE**, Petitioner/Defendant Brink's prays that the state action pending against it be removed to this Court, submits that no further proceedings be had in state court, and requests such other relief as is necessary and proper.

**LOMMEN ABDO, P.A.**

Dated:    May 30, 2019

By: /s/ John R. Crawford
John R. Crawford, #158033
Michelle K. Kuhl, #0398040
1000 International Centre
920 Second Avenue South
Minneapolis, MN  55402
(612) 336-9331
jcrawford@lommen.com
mkuhl@lommen.com

*Attorneys for Defendant Brink's Inc.*