STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

PERSONAL INJURY

---

Joan Heydt,

      Plaintiff,

v.

Charles Baldwin and Brink's, Incorporated,

      Defendants.

**SUMMONS**

---

THE STATE OF MINNESOTA TO THE ABOVE NAMED DEFENDANTS:

1.    **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the court and there may be no Court file number on this Summons.

2.    **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons a written response called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at Sand Law, LLC, 332 Minnesota Street, Suite W2402, St. Paul, MN 55101.

3.    **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4.    **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A Default Judgment can then be entered against you for the relief requested in the Complaint.

5.    **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. Even if you cannot get legal help, you must still provide a written Answer to

protect your rights or you may lose the case.

6.   **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.


**Sand Law, LLC**

Dated: _5/1/19_

By _____

Isaac I. Tyroler (#0390296)
Attorney for Plaintiff
332 Minnesota Street, Suite W2402
St. Paul, Minnesota 55101
Phone: 651-450-8833
isaac@sandlawnd.com

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

PERSONAL INJURY

Joan Heydt,

      Plaintiff,

v.

Charles Baldwin and Brink's, Incorporated,

      Defendants.

**COMPLAINT**

Plaintiff for her cause of action against the above-named Defendants states and alleges that:

I.

Plaintiff, Joan Heydt, is a resident of the City of Minneapolis, County of Hennepin, State of Minnesota.

II.

Defendant, Charles Baldwin, is a resident of the City of Fridley, County of Anoka, State of Minnesota.

III.

Defendant, Brink's, Incorporated, is a business with its headquarters located in Richmond, Virginia.

IV.

On or about March 24, 2016, Plaintiff Joan Heydt was traveling in a motor vehicle on or near University Avenue Northeast in Minneapolis, Minnesota.

V.

At said time and place, Defendant Charles Baldwin was traveling in a motor vehicle on or near University Avenue Northeast in Minneapolis, Minnesota, and negligently operated his motor vehicle so as to cause it to crash into the vehicle operated by Plaintiff Joan Heydt.

## COUNT I – NEGLIGENCE

Plaintiff Joan Heydt realleges all previous paragraphs as if they were fully set forth in this count of the Complaint.

VI.

Defendant Charles Baldwin failed to use due care and was otherwise negligent while operating his vehicle and as a result, Plaintiff Joan Heydt was injured.

VII.

Defendant Charles Baldwin failed to properly follow Plaintiff Joan Heydt's vehicle at a reasonable and prudent distance, in violation of the threshold set forth in **Minn. Stat.** § 169.18, subd. 8a; and as a result, Plaintiff Joan Heydt was injured.

VIII.

As a direct and proximate cause of the Defendant Charles Baldwin's negligence and carelessness, Plaintiff Joan Heydt has sustained severe and permanent injuries, satisfying the thresholds set forth in **Minn. Stat.** § 65B.51, subd. 3; and as a result, Plaintiff has in the past and will in the future incur medical and hospital expenses for the treatment of her injuries; and as a result, and as a result, Plaintiff has in the past and will in the future suffer great physical and mental pain; and as a result, Plaintiff has been damaged and injured in an amount in excess of Fifty Thousand and No/100 Dollars ($50,000.00).

## COUNT II – OWNERSHIP LIABILITY

Plaintiff Joan Heydt realleges all previous paragraphs as if they were fully set forth in this count of the Complaint.

### IX.

Defendant Brink's, Incorporated owned the vehicle being operated by Defendant Charles Baldwin and the vehicle was being operated with the consent and permission of the owner.

### X.

That pursuant to the provisions of the Safety Responsibility Act, **Minn. Stat.** § 169.09 subd. 5a, Defendant Brink's, Incorporated is liable to Plaintiff John Heydt for the negligence of Defendant Charles Baldwin as alleged above.

## COUNT III – RESPONDEAT SUPERIOR

Plaintiff Joan Heydt realleges all previous paragraphs as if they were fully set forth in this count of the Complaint.

### XI.

At all times material herein, Defendant Charles Baldwin was working within the course and scope of his employment with Defendant Brink's, Incorporated.

### XII.

Defendant Brink's, Incorporated is responsible for the damages caused by the negligence of Defendant Charles Baldwin pursuant to the doctrine of respondeat superior.

WHEREFORE, Plaintiff Joan Heydt prays for a judgment against the Defendants, jointly and severally, for a reasonable amount in excess of $50,000 (FIFTY THOUSAND DOLLARS

AND NO/100) with prejudgment interest, costs and disbursements and for such further relief as the Court finds just and equitable.

Dated: __5/1/19__

**Sand Law, LLC**

By_____
Isaac I. Tyroler (#0390296)
Attorney for Plaintiff
332 Minnesota Street, Suite W2402
St. Paul, Minnesota 55101
Phone: 651-450-8833
isaac@sandlawnd.com

## ACKNOWLEDGMENT REQUIRED BY
## MINN. STAT. § 549.211, SUBD. 2

I hereby acknowledge that, pursuant to Minn. Stat. § 549.211 (2), costs disbursements and reasonable attorney and witness fees may be awarded to the opposing party or parties in this litigation if this Court should find I acted in bad faith, asserted a claim or defense that is frivolous and that is costly to the other party, asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass, or committed a fraud upon the Court.

**Sand Law, LLC**

Dated: 5/11/19

By_____
Isaac I. Tyroler (#0390296)
Attorney for Plaintiff
332 Minnesota Street, Suite W2402
St. Paul, Minnesota 55101
Phone: 651-450-8833
isaac@sandlawnd.com